**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

GARY COUCH,

    Plaintiff,

v.

WILLIAM STANLEY; SGT. SHALONDA
ROBINSON; and LT. ARLENA HUNT,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-44

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) For the reasons set forth below, the Court **DEFERS** frivolity review on Plaintiff's Complaint and **DIRECTS** Plaintiff to file an Amended Complaint within **fourteen (14) days** of the date of this Order. Additionally, the Court **DENIES** Plaintiff's Motion for Relief Regarding Indigent Supplies, (doc. 12), and I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction, (doc. 6).

### **BACKGROUND**

In his Complaint, Plaintiff makes a variety of allegations about the conditions at Georgia State Prison. Among other things, Plaintiff alleges that he is living with "live[ ] rats and bugs," there are too many prisoners, no emergency call buttons, that an officer beat him upon arrival to GSP, that prison officials refuse to place him in a different cell even after gang members allegedly attacked him because of his sexual orientation, and there is mold all over the prison

walls. (Id. at pp. 5–11.) Plaintiff subsequently filed a Supplement alleging that Defendant Robinson made threats to retaliate against Plaintiff for filing this lawsuit, (doc. 7), and five separate Notices seeking to add new allegations to his original Complaint. (Docs. 9–11, 13–14.) Plaintiff also filed a Motion for Preliminary Injunction to prevent Defendant Robinson from being able to "come around me at all! [sic]" and a Motion requesting the Court order GSP to provide Plaintiff with more stationery supplies. (Docs. 6, 12.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set

of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Order to Amend Complaint

Plaintiff's Complaint includes a litany of unrelated claims and asserts that Defendants are responsible for all of them. The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), which it has described as pleadings that make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, 305 F.3d at 1295 n.9). Additionally, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such Complaint is filed. The amended complaint must include which claim or related claims (or, alternatively, which claims against which Defendants) Plaintiff wishes to pursue in this action. Plaintiff may submit a separate complaint or complaints for his other claims. After Plaintiff files an amended complaint, the Court will conduct the requisite frivolity review. If Plaintiff does not file an appropriately amended complaint, the Court may dismiss this

action for failure to prosecute and failure to follow this Court's Orders. Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)).

## II. Motion for Relief Regarding Indigent Supplies (Doc. 12)

Plaintiff asks this Court to Order GSP to provide Plaintiff with extra sheets of paper and pens each week so that he can "respond to the Court as necessary as possible [sic]." (Doc. 12, p. 1.) Plaintiff indicates that GSP already provides twenty sheets of paper, five envelopes, and five carbon papers weekly, as well as one pen per month. (Id.) Liberally construing Plaintiff's Motion, Plaintiff is requesting relief based on an alleged access to courts violation. However, to bring an access-to-courts claim, an inmate must establish that he suffered an actual injury. In interpreting the actual injury requirement, the Eleventh Circuit stated:

> The actual injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the . . . official's actions which allegedly infringed on an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. See Lewis, 518 U.S. at 352–54. Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition or a civil rights action. See id., 518 U.S. at 352–57.

Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

Plaintiff's Motion does not allege enough to satisfy the actual injury prerequisite. GSP is providing him with the materials he needs to bring his case, but Plaintiff is just unsatisfied with the amount of stationery supplies he receives. Accordingly, the Court **DENIES** Plaintiff's Motion for Relief Regarding Indigent Supplies.

## III. Motion for Preliminary Injunction (Doc. 6)

Plaintiff seeks a preliminary injunction from the Court to prevent Defendant Robinson from "coming close" to Plaintiff. (Doc. 6, p. 1). To be entitled to a preliminary injunction or a

temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction. Specifically, Plaintiff has not shown the likelihood of success on the

6

merits of his claims. In fact, in light of the Court's Order to Amend, it is not even clear at the moment what exactly Plaintiff's claims are. This is not to say that Plaintiff will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, the Court should **DENY** his request for a preliminary injunction.

## CONCLUSION

For the above stated reasons, Plaintiff is hereby **DIRECTED** to amend his Complaint within **fourteen (14) days** of the date of this Order to name as a Defendant (or Defendants) a person (or persons) whom he alleges violated his constitutional rights and to assert coherent factual allegations supporting related claims. Should Plaintiff fail to abide by this directive, the Court will dismiss this case for failure to prosecute and failure to follow a court order. Additionally, the Court **DENIES** Plaintiff's Motion for Relief Regarding Indigent Supplies, and I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA